**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                        SAN JOSE DIVISION

10   IN RE:                              CASE NO. 5:11-cv-04548 EJD

11   BRAD THURRY SMITH et. al.,          (Appeal from Chase Bank, USA, N.A. v. Smith
                                  /       (In re Brad Thurry Smith, et. al.), Bankr. N.D.
12                                        Cal. (San Jose) Case No. 10-60847 CN, Adv.
     CHASE BANK, USA, N.A.,               No. 11-5092)
13

14            Appellant(s),             **ORDER AFFIRMING DECISION OF**
        v.                              **BANKRUPTCY COURT**
15
     BRAD THURRY SMITH,
16

17            Respondent(s).
                                  /
18

19       In this appellate action originating in bankruptcy court, Appellant Chase Bank, USA, N.A.

20   ("Appellant") appeals an order dismissing with prejudice an adversary proceeding commenced

21   against Respondent Brad Thurry Smith ("Respondent").

22        This court has jurisdiction pursuant to 28 U.S.C. § 158.  Having carefully reviewed the

23   record in this matter, the order of the bankruptcy court is affirmed for the reasons stated below.

24                    **I.   FACTUAL AND PROCEDURAL BACKGROUND**

25       Respondent and Jennifer Smith commenced a proceeding in bankruptcy on October 19,

26   2010, seeking to discharge certain unsecured debt.  Appellant thereafter commenced an adversary

27   proceeding within the Smith bankruptcy against Respondent alleging that Respondent incurred

28   $4,079.00 in fraudulent credit card charges prior to filing the bankruptcy petition.  From the record,

                                       1
     Case No. 5:11-cv-04548 EJD
     ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

1   it appears Appellant filed a First Amended Complaint ("FAC") on March 29, 2011, seeking an order

2   that Respondent's charges be determined non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

3       On April 8, 2011, Respondent moved to dismiss the FAC pursuant to Federal Rule of

4   Bankruptcy Procedure ("FRBP") 7012(b) and Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

5   In its written order filed May 26, 2011, the bankruptcy court found insufficient Appellant's

6   allegations of fraudulent intent and allowed Appellant leave to amend.  Appellant filed a Second

7   Amended Complaint ("SAC") on June 3, 2011.

8       Respondent filed a motion to dismiss the SAC on July 3, 2011, again arguing that Appellant

9   failed to state a claim.  After a hearing, the bankruptcy court granted Respondent's motion.  In its

10  written order filed August 26, 2011, the bankruptcy court found that Appellant still did not provide

11  sufficient allegations to support a plausible claim for relief under § 523(a)(2)(A) and dismissed the

12  SAC with prejudice.  This appeal followed.

### II.   STANDARD OF REVIEW

14      The bankruptcy court's conclusions of law are subject to de novo review.  See Sigma Micro

15  Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 783 (9th Cir. 2007).  A ruling

16  from the bankruptcy court dismissing an adversary complaint pursuant to FRBP 7012(b) and FRCP

17  12(b)(6) for failure to state a claim is a ruling on a question of law.  See Emrich v. Touche Ross &

18  Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

19      The bankruptcy court's decision to dismiss with prejudice is reviewed for abuse of

20  discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### III.   DISCUSSION

22      Appellant assigns error to the bankruptcy court's determination that the SAC should be

23  dismissed with prejudice pursuant to FRCP 12(b)(6) because Appellant failed to state a claim of

24  non-dischargeability under 11 U.S.C. § 523(a)(2)(A).  This issue requires examination of general

25  pleading standards as well as the specific facts that must be alleged to maintain a § 523 action.

26      **A.   General Pleading Standards**

27      The Federal Rules of Civil Procedure apply in bankruptcy proceedings.  Fed. R.

28  Bankr. P. 7003.  Relevant here is the application of three of those rules routinely applied by the

*United States District Court*
*For the Northern District of California*

Case No. 5:11-cv-04548 EJD
ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

United States District Court
For the Northern District of California

1   district court when assessing pleadings: FRCP 8, applied to bankruptcy thorough FRBP 7008, FRCP

2   9, applied through FRBP 7009, and FRCP 12(b)(6), applied through FRBP 7012(b).

3       FRCP 8(a) requires a plaintiff, or in this case a creditor, to plead each claim with sufficient

4   specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

5   rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A

6   complaint which falls short of the Rule 8(a) standard may be dismissed pursuant to FRCP 12(b)(6) if

7   it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under

8   Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient

9   facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d

10  1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to

11  relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S.

12  at 556-57.

13      When deciding whether to grant a motion under FRCP 12(b)(6), the court generally "may not

14  consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

15  F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual

16  allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). The court must also

17  construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d

18  1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the

19  complaint or relied upon in the complaint, and may also consider material subject to judicial notice.

20  See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly

21  submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are

22  not bound to accept as true a legal conclusion couched as a factual allegation." Id.

23      Allegations which sound in fraud are subject a heightened pleading standard. Fed. R. Civ. P.

24  9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances

25  constituting fraud or mistake." Id. These allegations must be "specific enough to give defendants

26  notice of the particular misconduct which is alleged to constitute the fraud charged so that they can

27  defend against the charge and not just deny that they have done anything wrong. Semegen v.

28  Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account

3

Case No. 5:11-cv-04548 EJD
ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

United States District Court

For the Northern District of California

1  of the time, place, and specific content of the false representations as well as the identities of the

2  parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

3  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged

4  generally." Fed. R. Civ. P. 9(b).

5        **B.    Actions under § 523(a)(2)(A)**

6        In bankruptcy, debts "for money, property, services, or an extension, renewal, or refinancing

7  of credit" are non-dischargeable if obtained by "false pretenses, a false representation, or actual

8  fraud." 11 U.S.C. § 523(a)(2)(A).

9        The Ninth Circuit has identified the five elements of a cause of action based on §

10  523(a)(2)(A) in credit card dischargeablity cases: (1) "that the debtor made representations;" (2)

11  "that at the time he knew the representations were false;" (3) that he made them with the intention

12  and purpose of deceiving the creditor;" (4) "that the creditor relied on such representations;" and (5)

13  "that the creditor sustained the alleged loss and damage as the proximate result of the

14  representations." Citibank South Dakota, N.A. v. Dougherty (In re Dougherty), 84 B.R. 653, 656

15  (B.A.P. 9th Cir. 1988).

16        "These requirements mirror the elements of common law fraud." Amer. Express Travel

17  Related Servs. Co. Inc. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1125 (9th Cir. 1996).

18        **C.    Application**

19        Having established the relevant pleading standard and requisite elements, the court now

20  construes the SAC, and only the SAC, despite the considerable portion of the briefs dedicated to

21  discussing the FAC. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. ) ("[A]n amended

22  pleading supersedes the original pleading . . . . after amendment the original pleading no longer

23  performs any function and is treated thereafter as non-existent." (internal quotations and citations

24  omitted)).

25        As to the first dischargeability element, the bankruptcy court implicitly determined that

26  Appellant properly plead representation because this element requires little in the way of the factual

27  allegations. Indeed, it has become widely accepted for the purposes of §523(a)(2)(A) actions that

28  "[w]hen the card holder uses his credit card, he makes a representation that he intends to pay the

4

Case No. 5:11-cv-04548 EJD
ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

United States District Court

For the Northern District of California

1    debt." Anastas v. Am. Sav. Bank (In re Anastas), 94 F.3d 1280, 1285 (1996).   Similarly, the fifth

2    element requiring an allegation of resulting damage is uncontroversial here. Thus, broadly

3    construed, the allegations that Respondent had a charge account and used it between August 30,

4    2010, and October 12, 2010, and the allegation that Appellant was damaged as a result of

5    Respondent's conduct, satisfy the first and fifth elements.

6          But the remaining elements are not so easily alleged and are problematic for Appellant based

7    on the allegations in the SAC.

8          To begin, the second and third elements requiring fraudulent intent are assessed under a

9    "totality of the circumstances" test by which the court "may infer the existence of the debtor's intent

10   not to pay if the facts and circumstances of a particular case present a picture of deceptive conduct

11   by the debtor." Citibank (South Dakota), N.A. v. Eashai (In re Eashai), 87 F.3d 1082, 1087 (9th Cir.

12   1996).   The court considers twelve non-exclusive factors:

13                1. The length of time between the charges made and the filing of bankruptcy;

14                2. Whether or not an attorney has been consulted concerning the filing of bankruptcy

15         before the charges were made;

16                3. The number of charges made;

17                4. The amount of the charges;

18                5. The financial condition of the debtor at the time the charges are made;

19                6. Whether the charges were above the credit limit of the account;

20                7. Whether the debtor made multiple charges on the same day;

21                8. Whether or not the debtor was employed;

22                9. The debtor's prospects for employment;

23                10. Financial sophistication of the debtor;

24                11. Whether there was a sudden change in the debtor's buying habits; and

25                12. Whether the purchases were made for luxuries or necessities.

26   Id. at 1087-88 (citing Dougherty, 84 B.R. at 657).

27         "These factors are nonexclusive; none is dispositive, nor must a debtor's conduct satisfy a

28   minimum number in order to prove fraudulent intent." Hashemi, 104 F.3d at 1125.  Instead, "[s]o

5

Case No. 5:11-cv-04548 EJD
ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

United States District Court

For the Northern District of California

1   long as, on balance, the evidence supports a finding of fraudulent intent, the creditor has satisfied

2   this element." Id.

3       While Hashemi instructs there is no "magic number" of factors that must be addressed, Iqbal

4   and Twombly nonetheless require that the creditor allege sufficient factual matter supporting a

5   plausible inference that "the card holder lacked an intent to repay at the time he made the charge."

6   Anastas, 94 F.3d at 1285. In other words, a compelling set of facts addressing one factor may pass

7   muster, but a cursory recitation of all twelve factors may be subject to dismissal.

8       In the SAC, Appellant specifically addressed six of the twelve factors, which the bankruptcy

9   court determined did not support a plausible inference of fraudulent intent. Examining the SAC

10  anew, this court must agree that the allegations are insufficient. In particular, the bankruptcy court

11  correctly pointed out that neither Respondent's "contemporaneous" consultation with a bankruptcy

12  attorney nor the two charges incurred in one day suggest that Respondent lacked an intent to repay

13  the debt. The same is true of the "run up" allegation, which was stated but not supported, as well as

14  the amount of the charges, which was not necessarily a "large" amount in light of Respondent's

15  occupation and spending habits.

16      Appellant's other allegations addressing the factors are similarly unmoving. Considering the

17  weakness of the content discussed in the preceding paragraph, Respondent's allegedly "poor"

18  financial condition and his apparent sophistication become less important to this analysis because

19  "the focus should not be on whether the debtor was hopelessly insolvent at the time he made the

20  credit card charges." Id. "A person on the verge of bankruptcy may have been brought to that point

21  by a series of unwise financial choices, such as spending beyond his means, and if ability to repay

22  were the focus of the fraud inquiry, too often would there be an unfounded judgment of

23  non-dischargeability of credit card debt. Id. at 1285-86. Thus, even taken together, the allegations

24  of fraudulent intent do not meet the standard imposed by Iqbal and Twombly.

25      Appellant fares no better on the reliance element. For that part of the claim, Appellant

26  merely alleged in the SAC that "[Appellant] reasonably relied on [Respondent's] representations."

27  The bankruptcy court found that allegation insufficient. This court agrees. "[T]he credit card issuer

28  justifiably relies on a representation of intent to repay as long as the account is not in default and any

6

United States District Court

For the Northern District of California

1    initial investigations into a credit report do not raise red flags that would make reliance

2    unjustifiable." <u>Anastas</u>, 94 F.3d at 1286 (citing <u>Eashai</u>, 87 F.3d at 1091). Statements alleging the

3    state of Respondent's credit card account or addressing Respondent's credit history are noticeably

4    absent from the SAC, despite their presence in the FAC.[1] Without those allegations in the operative

5    pleading, all that is left is a bare recitation of the element. That is not enough. <u>Twombly</u>, 550 U.S.

6    at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more

7    than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

8    do." (internal quotations and alterations omitted)).

9        In sum, Appellant did not plead a plausible claim for relief under § 523(a)(2)(A) because the

10    facts alleged for the second, third and fourth elements of a cause of action under that section are

11    insufficient. For this reason, the bankruptcy court did not err in dismissing the SAC.

12        In addition, the bankruptcy court did not abuse its discretion in dismissing the SAC with

13    prejudice since Appellant had already been afforded the chance to amend with the benefit of a prior

14    order explaining the same defects which ultimately led to disposition of the adversary proceeding.

15    <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (holding that successive amendments may be

16    precluded for failure to cure deficiencies through previous amendments).[2]

17                                       **IV. ORDER**

18        The order of the bankruptcy court is AFFIRMED.

19    **IT IS SO ORDERED.**

20

21    Dated: August 18, 2012



22                                    EDWARD J. DAVILA
                                      United States District Judge

23

24        [1] Again, *only* the sufficiency of the SAC is at issue here. Allegations contained in other
pleadings, in particular the superseded FAC, which were not referenced by or attached to the SAC

25    are of no moment to this analysis.

26        [2] The bankruptcy court also examined whether the SAC stated a claim under 11 U.S.C. §
523(a)(2)(C). Appellant, however, did not present meaningful argument on that issue and has

27    therefore waived any claim of error for that determination. <u>Smith v. Marsh</u>, 194 F.3d 1045, 1052
(9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed

28    waived.").

Case No. 5:11-cv-04548 EJD
ORDER AFFIRMING DECISION OF BANKRUPTCY COURT