IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 5:11-cv-04548 EJD |
| BRAD THURRY SMITH et. al., | (Appeal from Chase Bank, USA, N.A. v. Smith (In re Brad Thurry Smith, et. al.), Bankr. N.D. Cal. (San Jose) Case No. 10-60847 CN, Adv. No. 11-5092) |
| CHASE BANK, USA, N.A., | |
| Appellant(s), | **ORDER AFFIRMING DECISION OF BANKRUPTCY COURT** |
| v. | |
| BRAD THURRY SMITH, | |
| Respondent(s). | |

In this appellate action originating in bankruptcy court, Appellant Chase Bank, USA, N.A. ("Appellant") appeals an order dismissing with prejudice an adversary proceeding commenced against Respondent Brad Thurry Smith ("Respondent").

This court has jurisdiction pursuant to 28 U.S.C. § 158. Having carefully reviewed the record in this matter, the order of the bankruptcy court is affirmed for the reasons stated below.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Respondent and Jennifer Smith commenced a proceeding in bankruptcy on October 19, 2010, seeking to discharge certain unsecured debt. Appellant thereafter commenced an adversary proceeding within the Smith bankruptcy against Respondent alleging that Respondent incurred $4,079.00 in fraudulent credit card charges prior to filing the bankruptcy petition. From the record,

it appears Appellant filed a First Amended Complaint ("FAC") on March 29, 2011, seeking an order that Respondent's charges be determined non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

On April 8, 2011, Respondent moved to dismiss the FAC pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7012(b) and Federal Rule of Civil Procedure ("FRCP") 12(b)(6). In its written order filed May 26, 2011, the bankruptcy court found insufficient Appellant's allegations of fraudulent intent and allowed Appellant leave to amend.  Appellant filed a Second Amended Complaint ("SAC") on June 3, 2011.

Respondent filed a motion to dismiss the SAC on July 3, 2011, again arguing that Appellant failed to state a claim.  After a hearing, the bankruptcy court granted Respondent's motion.  In its written order filed August 26, 2011, the bankruptcy court found that Appellant still did not provide sufficient allegations to support a plausible claim for relief under § 523(a)(2)(A) and dismissed the SAC with prejudice.  This appeal followed.

## II.  STANDARD OF REVIEW

The bankruptcy court's conclusions of law are subject to de novo review.  See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 783 (9th Cir. 2007).  A ruling from the bankruptcy court dismissing an adversary complaint pursuant to FRBP 7012(b) and FRCP 12(b)(6) for failure to state a claim is a ruling on a question of law.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

The bankruptcy court's decision to dismiss with prejudice is reviewed for abuse of discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.  DISCUSSION

Appellant assigns error to the bankruptcy court's determination that the SAC should be dismissed with prejudice pursuant to FRCP 12(b)(6) because Appellant failed to state a claim of non-dischargeability under 11 U.S.C. § 523(a)(2)(A).  This issue requires examination of general pleading standards as well as the specific facts that must be alleged to maintain a § 523 action.

### A.  General Pleading Standards

The Federal Rules of Civil Procedure apply in bankruptcy proceedings.  Fed. R. Bankr. P. 7003.  Relevant here is the application of three of those rules routinely applied by the

district court when assessing pleadings: FRCP 8, applied to bankruptcy thorough FRBP 7008, FRCP 9, applied through FRBP 7009, and FRCP 12(b)(6), applied through FRBP 7012(b).

FRCP 8(a) requires a plaintiff, or in this case a creditor, to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed pursuant to FRCP 12(b)(6) if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion under FRCP 12(b)(6), the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

Allegations which sound in fraud are subject a heightened pleading standard. Fed. R. Civ. P. 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Id. These allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account

1  of the time, place, and specific content of the false representations as well as the identities of the
2  parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).
3  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged
4  generally." Fed. R. Civ. P. 9(b).

    **B.  Actions under § 523(a)(2)(A)**

6  In bankruptcy, debts "for money, property, services, or an extension, renewal, or refinancing
7  of credit" are non-dischargeable if obtained by "false pretenses, a false representation, or actual
8  fraud." 11 U.S.C. § 523(a)(2)(A).

9  The Ninth Circuit has identified the five elements of a cause of action based on §
10 523(a)(2)(A) in credit card dischargeablity cases: (1) "that the debtor made representations;" (2)
11 "that at the time he knew the representations were false;" (3) that he made them with the intention
12 and purpose of deceiving the creditor;" (4) "that the creditor relied on such representations;" and (5)
13 "that the creditor sustained the alleged loss and damage as the proximate result of the
14 representations." Citibank South Dakota, N.A. v. Dougherty (In re Dougherty), 84 B.R. 653, 656
15 (B.A.P. 9th Cir. 1988).

16 "These requirements mirror the elements of common law fraud." Amer. Express Travel
17 Related Servs. Co. Inc. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1125 (9th Cir. 1996).

    **C.  Application**

19 Having established the relevant pleading standard and requisite elements, the court now
20 construes the SAC, and only the SAC, despite the considerable portion of the briefs dedicated to
21 discussing the FAC. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. ) ("[A]n amended
22 pleading supersedes the original pleading . . . . after amendment the original pleading no longer
23 performs any function and is treated thereafter as non-existent." (internal quotations and citations
24 omitted)).

25 As to the first dischargeability element, the bankruptcy court implicitly determined that
26 Appellant properly plead representation because this element requires little in the way of the factual
27 allegations. Indeed, it has become widely accepted for the purposes of §523(a)(2)(A) actions that
28 "[w]hen the card holder uses his credit card, he makes a representation that he intends to pay the

*United States District Court*
*For the Northern District of California*

debt." Anastas v. Am. Sav. Bank (In re Anastas), 94 F.3d 1280, 1285 (1996). Similarly, the fifth element requiring an allegation of resulting damage is uncontroversial here. Thus, broadly construed, the allegations that Respondent had a charge account and used it between August 30, 2010, and October 12, 2010, and the allegation that Appellant was damaged as a result of Respondent's conduct, satisfy the first and fifth elements.

But the remaining elements are not so easily alleged and are problematic for Appellant based on the allegations in the SAC.

To begin, the second and third elements requiring fraudulent intent are assessed under a "totality of the circumstances" test by which the court "may infer the existence of the debtor's intent not to pay if the facts and circumstances of a particular case present a picture of deceptive conduct by the debtor." Citibank (South Dakota), N.A. v. Eashai (In re Eashai), 87 F.3d 1082, 1087 (9th Cir. 1996). The court considers twelve non-exclusive factors:

    1. The length of time between the charges made and the filing of bankruptcy;

    2. Whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made;

    3. The number of charges made;

    4. The amount of the charges;

    5. The financial condition of the debtor at the time the charges are made;

    6. Whether the charges were above the credit limit of the account;

    7. Whether the debtor made multiple charges on the same day;

    8. Whether or not the debtor was employed;

    9. The debtor's prospects for employment;

    10. Financial sophistication of the debtor;

    11. Whether there was a sudden change in the debtor's buying habits; and

    12. Whether the purchases were made for luxuries or necessities.

Id. at 1087-88 (citing Dougherty, 84 B.R. at 657).

"These factors are nonexclusive; none is dispositive, nor must a debtor's conduct satisfy a minimum number in order to prove fraudulent intent." Hashemi, 104 F.3d at 1125. Instead, "[s]o

long as, on balance, the evidence supports a finding of fraudulent intent, the creditor has satisfied this element." Id.

While Hashemi instructs there is no "magic number" of factors that must be addressed, Iqbal and Twombly nonetheless require that the creditor allege sufficient factual matter supporting a plausible inference that "the card holder lacked an intent to repay at the time he made the charge." Anastas, 94 F.3d at 1285. In other words, a compelling set of facts addressing one factor may pass muster, but a cursory recitation of all twelve factors may be subject to dismissal.

In the SAC, Appellant specifically addressed six of the twelve factors, which the bankruptcy court determined did not support a plausible inference of fraudulent intent. Examining the SAC anew, this court must agree that the allegations are insufficient. In particular, the bankruptcy court correctly pointed out that neither Respondent's "contemporaneous" consultation with a bankruptcy attorney nor the two charges incurred in one day suggest that Respondent lacked an intent to repay the debt. The same is true of the "run up" allegation, which was stated but not supported, as well as the amount of the charges, which was not necessarily a "large" amount in light of Respondent's occupation and spending habits.

Appellant's other allegations addressing the factors are similarly unmoving. Considering the weakness of the content discussed in the preceding paragraph, Respondent's allegedly "poor" financial condition and his apparent sophistication become less important to this analysis because "the focus should not be on whether the debtor was hopelessly insolvent at the time he made the credit card charges." Id. "A person on the verge of bankruptcy may have been brought to that point by a series of unwise financial choices, such as spending beyond his means, and if ability to repay were the focus of the fraud inquiry, too often would there be an unfounded judgment of non-dischargeability of credit card debt. Id. at 1285-86. Thus, even taken together, the allegations of fraudulent intent do not meet the standard imposed by Iqbal and Twombly.

Appellant fares no better on the reliance element. For that part of the claim, Appellant merely alleged in the SAC that "[Appellant] reasonably relied on [Respondent's] representations." The bankruptcy court found that allegation insufficient. This court agrees. "[T]he credit card issuer justifiably relies on a representation of intent to repay as long as the account is not in default and any

initial investigations into a credit report do not raise red flags that would make reliance unjustifiable." Anastas, 94 F.3d at 1286 (citing Eashai, 87 F.3d at 1091). Statements alleging the state of Respondent's credit card account or addressing Respondent's credit history are noticeably absent from the SAC, despite their presence in the FAC.[1] Without those allegations in the operative pleading, all that is left is a bare recitation of the element. That is not enough. Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal quotations and alterations omitted)).

In sum, Appellant did not plead a plausible claim for relief under § 523(a)(2)(A) because the facts alleged for the second, third and fourth elements of a cause of action under that section are insufficient. For this reason, the bankruptcy court did not err in dismissing the SAC.

In addition, the bankruptcy court did not abuse its discretion in dismissing the SAC with prejudice since Appellant had already been afforded the chance to amend with the benefit of a prior order explaining the same defects which ultimately led to disposition of the adversary proceeding. See Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that successive amendments may be precluded for failure to cure deficiencies through previous amendments).[2]

## IV. ORDER

The order of the bankruptcy court is AFFIRMED.

**IT IS SO ORDERED.**

Dated: August 18, 2012

EDWARD J. DAVILA
United States District Judge

---

[1] Again, *only* the sufficiency of the SAC is at issue here. Allegations contained in other pleadings, in particular the superseded FAC, which were not referenced by or attached to the SAC are of no moment to this analysis.

[2] The bankruptcy court also examined whether the SAC stated a claim under 11 U.S.C. § 523(a)(2)(C). Appellant, however, did not present meaningful argument on that issue and has therefore waived any claim of error for that determination. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").